UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASKIA SANKOFA ASHANTI,<br><br>　　　　Petitioner,<br><br>　　　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILITATION & BOARD OF PAROLE HEARINGS,<br><br>　　　　Respondent. | NO. CV 19-6260-DDP (AGR)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF MAGISTRATE JUDGE |

　　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus, the other records on file herein, the Report and Recommendation of the United States Magistrate Judge ("Report"), the Objections, and the Supplemental Objections, including the request to file a Supplemental Petition for Writ of Habeas Corpus.  Further, the Court has engaged in a *de novo* review of those portions of the Report and Recommendation to which objections have been made.  The Court accepts the findings and recommendation of the Magistrate Judge.

　　　　The Report advised Petitioner that a petition for writ of habeas corpus may be converted into a civil rights complaint under 42 U.S.C. § 1983 when the petition is amenable to conversion on its face and Petitioner consents after being

warned of the potential consequences. The Report advised Petitioner of the possible disadvantages of conversion to a civil rights complaint. (Report at 5-6.)

Petitioner asks the Court to convert his petition to a civil rights action under § 1983 if the Court determines that habeas relief is not available for his challenge to his denial of early parole consideration under Proposition 57. (Objections at 18-19.) Petitioner asks that the named defendants be amended as follows: (1) Ralph Diaz, Secretary of the California Department of Corrections & Rehabilitation; and (2) Jennifer Shaffer, Executive Officer, Board of Parole Hearings. (*Id.* at 19.)

IT IS ORDERED that the Court accepts Petitioner's informed consent to conversion of this habeas action to a civil rights complaint under 42 U.S.C. § 1983 under the following terms and conditions:

(1) Within 30 days after entry of this order, Plaintiff must file Form CV-60P, Request to Proceed Without Prepayment of Filing Fees With Declaration in Support; and

(2). Within 30 days after entry of this order, Plaintiff must file a First Amended Complaint that contains all of his Proposition 57-related claims. The First Amended Complaint must be complete in and of itself without incorporating by reference the Petition for Writ of Habeas Corpus or the proposed Supplemental Petition for Writ of Habeas Corpus. The First Amended Complaint may name as defendants the two defendants identified by Plaintiff in his Objections: (a) Ralph Diaz, Secretary of the California Department of Corrections & Rehabilitation; and (2) Jennifer Shaffer, Executive Officer, Board of Parole Hearings.

Petitioner is advised that if he does not timely file a Form CV-60P, Request to Proceed Without Prepayment of Filing Fees With Declaration in Support, and a First Amended Complaint, judgment will be entered denying the petition for writ of

habeas corpus and dismissing this action without prejudice to his ability to file a separate civil rights action.

IT IS FURTHER ORDERED that Petitioner's request to file a Supplemental Petition for Writ of Habeas Corpus is DENIED and Petitioner's remaining motions are DENIED.

DATED: March 23, 2022

_____
DEAN D. PREGERSON
United States District Judge